UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE A. SU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-mc-00006-JMS-KMB |
| | ) |
| A1 AG SERVICES INC., | ) |
| ADREANA GOMEZ, | ) |
| | ) |
| Respondents. | ) |

### ORDER ON PETITION FOR ENFORCEMENT
### OF ADMINISTRATIVE SUBPOENA *DUCES TECUM*

This matter comes before the Court on the Department of Labor's ("DOL") Petition for Enforcement of Administrative Subpoena *Duces Tecum*. [Dkt. 1.] For the reasons set forth below, the Petition is **GRANTED IN PART** and **DENIED IN PART.**

#### I.   BACKGROUND

The DOL served Respondents A1 AG Services Inc. and Adreana Gomez (collectively "Respondents") with a subpoena, seeking records in the course of its investigation of Respondents' compliance with the Fair Labor Standards Act ("FLSA").[1]  Respondents have not complied. The DOL's Petition requests that the Court: (1) order Respondents to fully comply with the DOL's subpoena; (2) order the U.S. Marshals Service to effect service upon Respondents; (3) toll the applicable statute of limitations until Respondents have complied in full; and (4) direct Respondents to pay all costs and expenses incurred by the DOL. [Dkt. 1 at 5-6.]

---

[1] According to the DOL, Ms. Gomez is the owner and registered agent of A1 AG Services Inc. [*Id.* at 3.]

## II.    APPLICABLE STANDARD

The FLSA authorizes the Acting Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this chapter . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter."  29 U.S.C. § 211(a).  The FLSA further provides that Sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50)—relating in relevant part to the production of documents—are applicable to the Acting Secretary for purposes of investigations under the FLSA.  29 U.S.C. § 209.  Section 9 of the FTC Act provides that authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."  15 U.S.C. § 49.

When a person or corporation refuses to comply with a subpoena in an FLSA investigation, the DOL can petition the Court to order compliance.  *See* 29 U.S.C. § 209 ("[T]he provisions of [15 U.S.C. § 49] are made applicable to the jurisdiction, powers, and duties of . . . the Secretary of Labor"); 15 U.S.C. § 49 (the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence").  The subpoena will be enforced if "the inquiry is within the authority of the agency, the demand is not too indefinite[,] and the information sought is reasonably relevant."  *Walsh v. Alight Sols. LLC*, 44 F.4th 716, 722 (7th Cir. 2022) (quoting *E.E.O.C. v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016)).

### III.     DISCUSSION

The DOL's memorandum details its repeated attempts to seek records from Respondents. [Dkt. 1-1 at 2-3.] Despite various requests and communications with Respondents, the DOL received only some of the documents it sought. [*Id.*; Dkt. 1-4 at 1-5.] The DOL accordingly served Respondents with the subpoena on September 26, 2023, providing an October 13, 2023 deadline for production of all documents. [Dkt. 1-1 at 3.]

The subpoena requests, among other things, work schedules, workday start and end times, tax records, sales records, contact information for employees, worker gross wages, and time and payroll records. [Dkt. 1-3 at 3-4.] The documents are sought as a part of the DOL's investigation into Respondents' compliance with the FLSA's minimum wage, overtime, recordkeeping, and child labor provisions. [Dkt. 1-4 at 1.]

Upon review of the subpoena, the Court finds that the requests are relevant to the DOL's investigation of Respondents' compliance with the FLSA and are within the authority of the agency. [*See* Dkt. 1-3 at 3-4.] *See Alight Sols.*, 44 F.4th at 722 ("An administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (quoting *Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1017 (7th Cir. 2006)). The requests are limited to documents created, used, or relied on since January 1, 2023, as well as documents such as contracts and trust agreements that describe legal duties which remain in effect after January 1, 2021. [Dkt. 1-3 at 1.] The DOL requests documents from the two years prior to the start of its investigation, and there is no suggestion in the record that this request is indefinite or unduly burdensome. Respondents have asserted that their accountants have not yet completed some of the responsive documents requested in the DOL's subpoena. [Dkt. 1-5 at 1.] However, these

assertions do not show that "compliance would threaten the normal operation of [Respondents'] business," which is the Respondents' burden to show that responding to the subpoena would be unduly burdensome.  *E.E.O.C. v. Quad/Graphics Inc.*, 63 F.3d 642, 648 (7th Cir. 1995) (citing *E.E.O.C. v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981)).  Accordingly, the Court grants the DOL's Petition insofar as Respondents will be ordered to fully respond to the subpoena and produce to the DOL all documents in their possession, custody, or control.

The Court declines, however, to substantively address the DOL's requests that the Court (1) issue an order requiring the U.S. Marshals Service to effect service upon Respondents, (2) issue an order tolling the statute of limitations,[2] or (3) direct Respondents to pay all costs and expenses incurred by the DOL in this matter.[3]  The DOL has not supported any of these requests with argument or citation to law, including its alternative requests of methods by which to serve Respondents.  [*See* dkt. 1 at 5, fn. 1.]  The Seventh Circuit Court of Appeals has repeatedly stated that it is not this Court's responsibility to research and construct the Parties' arguments.  *See Spath*

---

[2] The statute of limitations may be equitably tolled if "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Hentosh v. Herman M. Finch Univ. of Health Scis.*, 167 F.3d 1170, 1174 (7th Cir. 1999) (citation omitted).  Though the Court does not substantively address the DOL's request to toll the statute of limitations because such request was not supported by argument or citation to law, it notes that it "is not yet clear that the requested information is 'vital' to the existence of all future claims, and because the DOL has not yet obtained the information, the required finding of diligence would be premature." *See Walsh v. Martinez*, 2022 WL 16823126, at *2 (N.D. Ind. Oct. 14, 2022).  The DOL may be able to renew its tolling request when Respondents have complied with the subpoena.

[3] Requests for attorneys' fees must be supported by documentation evidencing the amount of fees sought.  *See Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F. Supp. 2d 804, 810 (N.D. Ind. 2007) (declining a party's request for attorneys' fees when it failed to submit documentation that would allow the court to determine whether its request was reasonable); *Walsh v. Medina, Inc.*, 621 F. Supp. 3d 951, 960 n.3 (D. Minn. 2022) (denying the DOL's request for attorneys' fees in a subpoena enforcement action based on lack of documentary evidence).

*v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). Thus, the Court denies these requests without prejudice.

## IV.   CONCLUSION

For the reasons detailed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the DOL's Petition. The Court **ORDERS** Respondents to fully comply with the DOL's subpoena **no later than March 19, 2024**, but **DENIES** without prejudice the DOL's requests that the Court (1) issue an order requiring the U.S. Marshals Service to effect service upon Respondents, (2) issue an order tolling the statute of limitations, or (3) direct Respondents to pay all costs and expenses incurred by the DOL in this matter.

The Court **ORDERS** the DOL to promptly serve Respondents with a copy of this Order and file proof of service with the Court on or before **February 27, 2024**.

**SO ORDERED.**

Date: 2/20/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Correll L Kennedy
Department of Labor – SOL
230 S. Dearborn St., Ste. 844
Chicago, IL 60604
kennedy.correll.l@dol.gov